IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CONRAD ALVERSON, SR.                                                PLAINTIFF

v.                              Civil No. 2:18-cv-02067

SHERIFF RON BROWN, Crawford County, Arkansas;
DR. JONATHAN WHITE; and LT. VENA CUPP                        DEFENDANTS

# ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his Complaint on April 5, 2018. (ECF No. 1). That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 4).

According to Plaintiff's Complaint, he is currently in jail in the Crawford County Justice Center, serving six (6) months on a misdemeanor charge. (ECF No. 1). With respect to each claim, the Plaintiff names each Defendant in his or her personal capacity only. On eight different dates, spanning from February 12, 2018 to March 23, 2018, the Plaintiff asserts that he was denied medical care. Initially, the Plaintiff states that he "notified them that I could barely urinate, that I had blood in my urine, and that I was in a lot of pain they sent me back to the Pod and said they would send for my medical records. No treatment given." (ECF No. 1, p. 4). The Plaintiff

1

complained again of pain on February 13, 2018; he was put on doctor's call and was asked to sign a release for the receipt of his medical records.

On February 19, 2018, the Plaintiff states he "was put on flomax. No further treatment. Nothing done bout bleeding and pain." (ECF No. 1, p. 8). The Plaintiff complained again of bleeding and pain on February 25, 2018 and no treatment was given. (ECF No. 1, p. 8). The Plaintiff states that he was examined again on March 17, 2018. The doctor increased his Flomax but no other treatment was given. (ECF No. 1, p. 9). Finally, the Plaintiff states that he again notified "medical" of his same complaints and asked, on two occasions, to file a grievance. (ECF No. 1, p. 9, 10). The Plaintiff was given no further treatment.

As previously stated, the Plaintiff is suing each Defendant in their personal capacities only. He is seeking compensatory and punitive damages.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

2

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). To the extent Plaintiff attempts to assert a negligence claim, it is insufficient as a matter of law.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to prevail on a claim

for deprivation of medical care, an inmate must show that a prison official was deliberately indifferent to his serious medical need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

"'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (*quoting Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Here Plaintiff states that he was denied appropriate medical care on several instances. With the exception of claims 5 and 7, the Plaintiff lists all three Defendants on his claims. However, nowhere in the Complaint has the Plaintiff alleged that either Separate Defendant Sheriff Ron Brown or Lt. Vena Cupp directly participated in the alleged unconstitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his . . . inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Because the Plaintiff has failed to include any allegations against either Separate Defendant Sheriff Ron Brown or Lt. Vena Cupp, who are both named in their personal capacities only, Plaintiff has failed to state a claim against them. All claims against Separate Defendants Sheriff Ron Brown and Lt. Vena Cupp are dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against Separate Defendants Sheriff Ron Brown and Lt. Vena Cupp are **DISMISSED WITHOUT PREJUDICE.**

The claims as against Separate Defendant Dr. Jonathan White remain for resolution. Service will be addressed by separate order.

**IT IS SO ORDERED** this 24th day of April 2018.

*/s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE