IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CONRAD ALVERSON, SR.                                                    PLAINTIFF

v.                              Civil No. 2:18-cv-02067

SHERIFF RON BROWN, Crawford County, Arkansas;
DR. JONATHAN WHITE; and LT. VENA CUPP                                     DEFENDANTS

**ORDER**

Plaintiff, David Conrad Alverson, Sr., filed this action *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted on April 5, 2018. (ECF No. 4). In that Order, the Plaintiff was advised "that he is required to immediately inform the Court of any changes of address." Plaintiff was further advised that "[f]ailure to inform the Court of an address change shall subject this case to dismissal." (ECF No. 4).

On April 24, 2018 the Court entered two orders, dismissing certain Defendants from this action and directing service on the Separate Defendant, Dr. Jonathan White. (ECF No. 7, 8). On May 4, 2018 mail from the Court to the Plaintiff was returned as undeliverable and marked "no longer at this address." Mail addressed to the Plaintiff was also returned to the Court on June 4, 2018. No new address is available for the Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

1

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 27th day of June, 2018.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE